**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
Case No. __3-23-cv-145-CHB__
[Filed Electronically]

| | |
|---|---|
| AMANDA MARTIN as Administratrix for the ESTATE OF WILLIAM JOSEPH MARTIN | ) ) ) ) ) |
| -and- | ) ) |
| AMANDA MARTIN, Individually 210 Marvin Downs Road Bardstown, Kentucky 40004 | ) ) ) ) |
| **PLAINTIFFS** | ) ) |
| v. | ) ) |
| MARION COUNTY SHERIFF'S DEPARTMENT, COMMONWEALTH OF KENTUCKY 223 N. Spalding Ave. # 101 Lebanon, Kentucky 40033 | ) ) ) ) ) ) ) |
| | ) **COMPLAINT FOR** |
| | ) **DAMAGES AND JURY TRIAL** |
| Serve: Jimmy Clements, Sheriff, Individually and in his Official Capacity as Sheriff 223 N. Spalding Ave. # 101 Lebanon, Kentucky 40033 | ) ) ) ) ) ) ) |
| JIMMY CLEMENTS, SHERIFF OF MARION COUNTY, KENTUCKY Individually and in his Official Capacity | ) ) ) ) |
| Serve: Jimmy Clements, Sheriff, Individually and in his Official Capacity as Sheriff 223 N. Spalding Ave. # 101 Lebanon, Kentucky 40033 | ) ) ) ) ) ) |

1

| | |
|---|---|
| TRISTAN HAYDEN, Marion County Deputy Sheriff, Individually and in his Official Capacity | ) ) ) ) |
|     Serve: Tristan Hayden,<br>        Individually and in his Official Capacity<br>        223 N. Spalding Ave. # 101<br>        Lebanon, Kentucky 40033 | ) ) ) ) ) ) |
| RAY GARDNER, Marion County Chief Deputy Sheriff, Individually and in his Official Capacity | ) ) ) ) |
|     Serve: Ray Gardner,<br>        Individually and in his Official Capacity<br>        223 N. Spalding Ave. # 101<br>        Lebanon, Kentucky 40033 | ) ) ) ) ) ) |
| CHRIS NELSON, Marion County Deputy Sheriff, Individually and in his Official Capacity | ) ) ) ) |
|     Serve: Chris Nelson,<br>        Individually and in his Official Capacity<br>        223 N. Spalding Ave. # 101<br>        Lebanon, Kentucky 40033 | ) ) ) ) ) |

**DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Come the Plaintiffs, Amanda Martin as administratrix for The Estate of William Joseph Martin (the "Estate) and Amanda Martin, individually as the Wife of the decedent William Joseph Martin ("Martin") by their undersigned counsel, and for their Complaint in this action state and allege as follows:

## I. Introduction

On or about December 16, 2022, in the late evening hours Martin was arrested by one or more deputies of the Marion County Sheriff's Department, Commonwealth of Kentucky (believed to be those deputies named as defendants herein), allegedly for public intoxication or other minor charges. Mr. Martin was restrained by one or more of the deputies on the scene, who upon information and belief were Marion County Sheriff Deputies Tristan Hayden, Ray Gardner and Chris Nelson (the "Deputy Defendants"). After his arrest or detainment, Martin was to be transported by one or more of the Deputy Defendants to the Marion County Detention Center, Commonwealth of Kentucky. Martin never made it to the Detention Center alive. Rather, during transport, while restrained in handcuffs or other similar devices, upon information and belief, obtained after due inquiry, including review of the autopsy report and other records obtained prior to litigation, Martin was beaten by one or more of the Deputy Defendants, or others who as yet remain unidentified, and suffered severe blunt force trauma and numerous contusions and hemorrhages of the head, neck and back (among other injuries as will be proven in evidence). Martin died of his injuries inflicted upon him by the Deputy Defendants, or one or more than one of them. The cause of death was ruled to be multimodal asphyxia which occurred during his restraint and beating by the Deputy Defendants. Martin's death was determined to be a homicide according to the death certificate and the contents of the autopsy report which concluded that Martin was beaten and choked, sprayed with oleorsin capsaicin and stunned more than once with electrically conductive devices by the Deputy Defendants, which resulted in his death.

Plaintiffs bring this action for violation of Martin's civil and constitutional rights under the United States Constitution, including but not necessarily limited to violation of his rights under

the Fourth Amendment to be free from improper seizure and/or excessive force, his Eighth Amendment right as a pre-trial detainee to be free from cruel and unusual punishment and his due process rights under the Fourteenth Amendment, all as made applicable by 42 U.S. Section 1983 (and all other applicable provisions of the United States and Kentucky Constitutions), as well as claims under state law. Those claims include negligence, wrongful death, and loss of consortium on the part of Amanda Martin, among others. Plaintiffs bring this action to further expose the deliberate indifference, malicious or grossly negligent conduct and outrageous conduct which lead to the unnecessary, avoidable, and unconscionable assault and battery of Martin by the Defendants, and which were substantial factors in causing his death by the Deputy Defendants or others, acting in their individual and official capacities as deputy Sheriffs for Marion County, Kentucky.

## II.    Jurisdiction and Venue

1.    Plaintiffs seeks damages from Defendants under 42 U.S.C. Section 1983 for unconscionable and gross violations of the rights, privileges and immunities afforded and guaranteed to Mr. Martin by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and such other applicable Amendments or Constitutional provisions thereunder and/or under the Kentucky Constitution. This Court has jurisdiction over this case and these claims pursuant to 28 U.S.C. Section 1331 and Section 1343. This Court has jurisdiction over all of the state law claims that arise out of the same case or controversy by way of the supplemental jurisdiction granted by 28 U.S.C. Section 1367. Marion County, Kentucky is the location of the events and/or conduct and omissions giving rise to this claim and therefore venue is proper in this Court pursuant to 28 U.S.C. Section 1391.

### III. Parties

2. Plaintiffs incorporate by reference for all purposes in this Complaint all of the above allegations and assertions.

3. All factual allegations set forth herein are restated and reasserted and should be considered integral parts of each Count set forth below.

4. At all times relevant hereto, Martin resided at 210 Marvin Downs Road, Bardstown, Kentucky, Commonwealth of Kentucky 40004.

5. At all relevant times hereto, Plaintiff Amanda Martin ("Amanda") also resided at the address set forth in Paragraph 4 above.

6. At all relevant times hereto, Martin and Amanda were husband and wife and lived together as husband and wife.

7. After the events alleged in this case giving rise to this Complaint, and upon her husband's death, on about March 1, 2023 Amanda was appointed as the administratrix for the Estate of William Joseph Martin by Order of the Probate Court, Nelson County, Kentucky, Case No. 23-P00070 (the "Estate").

8. Defendant the Marion County Sheriff's Department a political subdivision of Marion County, Kentucky charged with upholding the law and peacekeeping within Marion County, Kentucky including he City of Lebanon and the City of Loretto, Kentucky and/or other surrounding cities.

9. At all relevant times the Marion County Sheriff's Department acted through their officers, employees or other authorized agents, including but not necessarily limited to the Sheriff of Marion County and/or the Deputy Defendants, or others who may need to be identified.

10. Defendant Jimmy Clements ("Clements"), sued in his individual and official capacities, was at all relevant times the duly elected Sheriff of Marion County, Kentucky and was the chief policy maker for the Marion County, Kentucky Sheriff's Department, which has its primary office at the address set forth above. As chief policy maker and as the elected Sheriff for Marion County, Clements was in charge of the Marion County Sheriff's Department, including the training, and supervision of all of the department's deputies, including the Deputy Defendants.

11. Defendant Tristan Hayden ("Hayden"), sued in his individual and official capacities, was at all relevant times hereto a deputy Sheriff with the Marion County Sheriff's Department and was bound and obligated to provide law enforcement services in accordance with federal law and the laws of the Commonwealth of Kentucky, including but not necessarily limited to those laws and rules identified below, and was obligated to follow all of the rules and policies of the Marion County Sheriff's Department as well as those specified by applicable federal and state law.

12. Defendant Ray Gardner ("Gardner"), sued in his individual and official capacities, was at all relevant times hereto the chief deputy Sheriff with the Marion County Sheriff's Department and was bound and obligated to provide law enforcement services in accordance with federal law and the laws of the Commonwealth of Kentucky, including but not necessarily limited to those laws and rules identified below, and was obligated to follow all of the rules and policies of the Marion County Sheriff's Department as well as those specified by applicable federal and state law.

13. Defendant Chris Nelson ("Nelson"), sued in his individual and official capacities, was at all relevant times hereto a deputy Sheriff with the Marion County Sheriff's Department and was bound and obligated to provide law enforcement services in accordance with federal law

and the laws of the Commonwealth of Kentucky, including but not necessarily limited to those laws and rules identified below, and was obligated to follow all of the rules and policies of the Marion County Sheriff's Department as well as those specified by applicable federal and state law.

14.     At all relevant times the Deputy Defendants, as well as all other members or employees of the Marion County Sheriff's Department were acting under color of state law consistent with their duly elected or appointed law enforcement positions and were obligated to fully comply with proper law enforcement standards and the federal and state laws which proscribed their conduct as public officials.

15.     Upon information and belief, each of the Deputy Defendants were to one extent or another involved in the seizure, battery, injury, death and other deliberately indifferent conduct perpetrated upon Martin, as hereinabove alleged and as further alleged below, all while acting under color of law as law enforcement officers.

### IV.     Facts

16.     Plaintiffs incorporate by reference and realleges each of the above statements and averments as if fully set forth herein for all purposes.

17.     Martin was 37 years of age on the date(s) that the events outlined in this Complaint occurred, and on the date of his death at the hands of the Deputy Defendants.

18.     At the time of his death Martin worked primarily as a concrete worker and made approximately $30,000 per year in one or more years preceding his death.

19.     On or between December 16, 2022 at approximately 11:17 p.m. EST through the early morning hours of December 17, 2022 the Deputy Defendants, jointly or severally together with one or more as yet unidentified additional deputies responded to a domestic disturbance and

a 911 call placed by Kaitlyn Nalley, a minor, and went to the scene from where the call was placed, 33 Lucy Lane, in the City of Loretto, Marion County, Kentucky (the "Scene").

20. Upon arrival at the Scene, the Deputy Defendants (or others who are as yet to be identified) commenced a search and seizure of Martin and arrested him, allegedly on charges of public intoxication according to the coroner's report and the report of the Office of the Chief Medical Examiner with the Kentucky Justice and Public Safety Cabinet.

21. At no point in time was Martin hostile to the Deputy Defendants or anyone else, and was cooperative with the law enforcement agents at all times.

22. Martin was placed in a Sheriff's vehicle in handcuffs or was otherwise restrained, and was to be transported to the Marion County Detention Center and released in eight hours. This information was provided by the deputies to Amanda at the Scene.

23. During his transport, it was alleged by Defendant Haydon that Martin knocked out a window in his law enforcement vehicle or otherwise acted in a manner which caused a confrontation between him and the Deputy Defendants. This information is alleged to be inaccurate and/or misleading.

24. During transport, Martin was taken out of the law enforcement vehicle at or near 1125 N. Loretto Road in Lebanon, Kentucky and the Deputy Defendants and/or other as yet unidentified officers of the Marion County Sheriff's Department cuffed Martin's wrists behind his back, and then forced him to the ground where they proceeded to beat, bludgeon and choke Martin.

25. At all relevant times Martin was in a prone position, restrained, and posed no threat to the Deputy Defendants, the public or anyone else.

26. The beating, bludgeoning, and choking of Martin by the Deputy Defendants lasted approximately four and ½ minutes. During this time, the Deputy Defendants had hands on the posterior of Martin's neck, and or on the sides of his neck, while forcefully squeezing and forcing his head and face into the ground.

27. Martin suffered other injuries during this time at the hands of the Deputy Defendants as set forth and described in the Coroner's Report and the Medical Examiner's Report in Case No. ME-22-1421.

28. During this period, the Deputy Defendants or others who have not as yet been identified sprayed oleoresin capsaicin (OC) into Martin's face and deployed electrical stun devices (conducted electrical weapons or CEWs, tasers and/or other such devices) upon him multiple times.

29. At the end of the struggle identified herein Martin was prone with his face pressed to the ground while the Deputy Defendants or others had multiple hands on his neck and upper back, including hands forcefully squeezing the posterior of his neck and the sides of his neck, and a knee pressed into his upper back.

30. During this time Martin was unable to move, speak or breath and was only able to make groaning or grunting sounds for approximately 45 seconds to 1 minute before he finally ceased to make any movement or sound.

31. Martin was then rolled over and found to be unresponsive by the Deputy Defendants or others who were on the scene.

32. Cardiopulmonary resuscitation was attempted and failed.

33. EMS arrived at the scene and attempted emergency medical care which was unsuccessful.

34. Martin was transported by EMS to Springview Hospital in Lebanon, Kentucky where further efforts to resuscitate him failed and he was pronounced dead at approximately 57 minutes past midnight on December 17, 2022.

35. Subsequent to his death, Amanda was contacted by the Kentucky State Police (KSP) which, upon information and belief, has opened a criminal investigation into the conduct of the Deputy Defendants and/or others.

36. The cause of Martin's death was ruled as a homicide by the Kentucky Medical Examiner on the death certificate, which occurred as a result of the law enforcement actions and conduct of the Deputy Defendants who caused massive and deadly injury to Martin during their struggle with him.

37. Martin committed no crime on the night of his arrest, or any crime of which he was suspected was not an offense serious enough for any reasonable law enforcement officer to believe he posed any reasonable threat, objectively or subjectively, to law enforcement or anyone else.

38. At no time did any Defendant herein have any reasonable suspicion or belief that Martin posed a danger to himself, the public or otherwise.

39. The conduct of the Deputy Defendants (or others who may be subsequently identified) was in violation of the rules, polices and procedures which they were obligated to follow as Marion County Sheriff Deputies and was contrary to Kentucky and federal law, including but not necessarily limited to Martin's rights under the United States and Kentucky Constitutions, and numerous Kentucky statutes and administrative regulations related to law enforcement.

40. The conduct of the Deputy Defendants constituted excessive force and cruel and unusual punishment upon the physical person of Martin, which excessive force and punishment was a substantial factor in causing his death.

41. In addition to state and federal law, those rules and laws violated include ministerial duties and obligations found in, for example but not by way of limitation, the Marion County Sheriff Department's Policies and Standard Operating Procedures (SOPs) such as Chapter 11 (Officer's Response to Resistance), Chapter 16 (Prisoner Transportation), and Chapter 26 (Use of Tasers), among other ministerial rules, duties and obligations which the Deputy Defendants were bound and obligated to comply with and observe, as well as various Kentucky Administrative Regulations and federal and Kentucky law statute and other laws.

42. The conduct of the Deputy Defendants was subjectively and objectively reckless, wanton, grossly negligent and constituted deliberate indifference to the rights, privileges and immunities afforded Martin under applicable law, including but not limited to the United States and Kentucky Constitutions.

43. Upon information and belief the Kentucky State Police has opened an investigation into the events leading to Martin's death and intends to present the case to the grand jury for possible indictment of one or more of the Deputy Defendants.

44. As a result of the conduct alleged above, Plaintiffs have suffered those damages identified below, and for which they seek recovery in this action.

## V. Causes of Action

### Count I

### Violations of 42 U.S.C. Section 1983

**Improper Fourth Amendment Seizure and/or Excessive Force and/or Eighth Amendment Excessive Force or Cruel and Unusual Punishment as made applicable by the Fourteenth Amendment**

45. Each of the above paragraphs are incorporated herein by reference and made a part of this Count.

46. The Deputy Defendants' apprehension and seizure of Martin together with their use of unnecessary and unwarranted excessive and lethal force as alleged above to stop, apprehend, seize, arrest and/or subdue Martin was contrary to the rules, policies and procedures the Deputy Defendants were bound to follow as law enforcement officers, acting under color of law, and was further in violation of Kentucky and Federal law, as well as being objectively unreasonable, subjectively unreasonable, intentional, reckless, deliberate, indifferent, oppressive, wanton and/or malicious, and indicative of their deliberate and reckless disregard of and deliberate indifference towards the legal rights and/or the life of Martin.

47. The conduct of the Deputy Defendants was in violation of Martin's clearly established rights under the United States Constitution and Kentucky Constitution including but not limited to his right not to be subjected to excessive force, or unreasonable seizure, or cruel and unusual punishment.

48. The conduct of the Deputy Defendants subjected Martin to excessive and unreasonable force, and cruel and unusual punishment and violated those rights and other clearly established rights of Martin, as well as ministerial rules of their profession, deprived Martin of his substantive and procedural due process rights, and constituted assault and battery, together with criminal conduct including but not limited to federal and state laws against homicide.

49. On the basis of the above alleged facts, two or more of the Deputy Defendants or others within Kentucky conspired to deprive Martin, either directly or indirectly, of the equal protection of the laws, or of equal privileges and immunities under the laws by force.

50. The conduct of the Deputy Defendants therefore further constituted conspiracy to violate Martin's constitutional rights under 42 U.S.C. Section 1985 and other applicable law (state or federal), in as much as it appears that the beating and death of Martin resulted from a coordinated effort on the part of one or more of the Deputy Defendants or others to be identified.

51. As a result of the above conduct Martin was seized against his will improperly, assaulted, battered, choked, bludgeoned, beaten, tased, severely wounded, placed in fear for his life and killed in violation of his rights under the Fourth Amendment to the United States Constitution and with excessive force or cruel and unusual punishment perpetrated upon him in violation of the Eighth Amendment to the United States Constitution, or other applicable constitutional provisions without due process of law as required by the Fourteenth Amendment to the Constitution, all in violation of the United States Constitution as actionable pursuant to 42 U.S.C. Section 1983.

## Count II
**(Violation of 42 U.S.C. § 1983 – Failure to Supervise or Train Law Enforcement Officers and Conspiracy to Commit Civil Rights Violations)**

52. Each of the above paragraphs are incorporated herein by reference and made a part of this Count.

53. Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny including but not limited to *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) Plaintiffs make the following additional allegations.

54. At all times relevant to this Complaint, Defendant Clements, the Deputy Defendants and the other unknown and as yet to be identified officers on the scene were acting as duly appointed law enforcement officers for Marion County and were acting under the direction and control of the Sheriff, Defendant Clements, under color of state law.

55. At all times relevant hereto Defendant Clements was the chief policy maker for the Marion County Sheriff's Department.

56. It was known or should have been known to Clements that one or more of the Deputy Defendants was not properly trained on use of force, proper transport of prisoners and other fundamental duties of their law enforcement positions, or such deputies were not properly supervised by Clements and the Marion County Sheriff's Department.

57. The conduct of the Deputy Defendants or others at the scene who have not yet been identified, in repeatedly and for a prolonged period beating, choking, and bludgeoning Martin is evidence that none of the officers at the scene knew, appreciated, or understood their duties and obligations as law enforcement officers and/or that they received insufficient training, or supervision in their positions as law enforcement officials both as to the rules and SOPs of the Marion County Sheriff's Department or otherwise under federal and state law.

58. No reasonable and well trained or supervised law enforcement officer would violate those laws and rules which they were obligated to comply with as set forth above or as discovery may reveal.

59. Upon information and belief, Defendant Hayden is currently being investigated for, or has a history of, violence against one or more other citizens of the Commonwealth of Kentucky in one or more matters other than the instant case, and has injured or killed one or more citizens of the Commonwealth of Kentucky besides Martin. It is unclear why Defendant Hayden was

allowed to remain an officer with the Marion County Sheriff's Department given his history and/or why he was permitted to join in the events outlined. Plaintiffs allege that Hayden should not have been permitted to respond to the events giving rise to this Complaint.

60. Acting under color of law and in violation of Marion County's law enforcement rules and policies and/or pursuant to official or unofficial policy or custom, Clements and/or the Marion County Sheriff's Department through its/their policy maker(s) knowingly, recklessly, or with gross negligence and deliberate indifference to the safety of the public failed to instruct, supervise, control, deploy, investigate and/or discipline the Deputy Defendants regarding the use of force and or those other policies identified herein and in the Marion County Sheriff Department's SOPs, and such failures were a substantial factor in contributing in Martin's death and the deprivation of his Constitutional and statutory rights, privileges, and immunities. The conduct and failures of Marion County Sheriff's Department as alleged above was a moving force behind the constitutional violations asserted in this Complaint, and Clements and/or Marion County should have known that the failures outlined herein could cause or result in harm to individuals including Martin such that the County may be said to have created or caused the constitutional deprivations alleged herein.

61. Upon information and belief, the Deputy Defendants are being investigated by the Kentucky State Police and criminal charges against the Deputy Defendants may be filed in Marion County or otherwise. However, upon information and belief none of the Deputy Defendants have been terminated or suspended from their law enforcement duties or positions with Marion County which further evidences the formal or informal culture and policy of the Marion County Sheriff's Department not to supervise or discipline its officers consistent with the Rules of the Marion County Sheriff's Department and applicable law.

62. As a direct and proximate cause of the these failures or conduct by the Defendants, Martin suffered severe physical injury, severe mental and emotional distress and severe mental anguish and lost his life, incurred lost wages, lost his power to labor and earn money and the Plaintiffs have suffered those and other damages including wrongful death and loss of consortium and society all as to be proven in evidence, all contrary to his constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments and such other applicable Amendments to the United States Constitution and/or as protected otherwise protected by 42 U.S.C. § 1983 and the Constitution of the United States and/or the constitution of the Commonwealth of Kentucky, or other applicable law.

### Count III
### Wrongful Death

63. The allegations contained in each of the above paragraphs are incorporated by reference herein.

64. The death of Martin resulted form an injury or injuries inflicted upon him by the negligence or other wrongful acts of Deputy Defendants and/or the other named Defendants in this case, as alleged herein.

65. The death of Martin was in violation of KRS 411.130 and other Kentucky statutes related to the wrongful death of a person and is actionable thereunder.

66. The wrongful death action in this instance is being prosecuted by the personal representative of Martin as set forth above, his wife, Amanda, as Administratrix of the Estate.

67. The personal representative on behalf of the Estate asserts claims for all damages available under Kentucky's Wrongful Death Statute and KRS 411.133 for personal injury actions, including but not limited to lost wages and lost future earning power, and further including punitive damages due to the willful acts or grossly negligent acts of the Defendants as

set forth hereinabove, together with the costs of funeral expenses and the costs of administration, including attorney fees.

68. Amanda Martin further asserts an individual claim for loss of society, love and affection, consortium, familial relations and generally the loss of her husband and life partner and the support and assistance he provided to her and her family, and for all other damages including punitive damages for the reasons set forth above.

### Count IV
### Negligence and Negligence *Per Se*

69. The allegations contained in each of the above paragraphs are incorporated by reference herein.

70. In arresting, beating and causing the death of Martin and/or by assisting or participating therein, the Deputy Defendants acted in direct violation of numerous rules, regulations and laws, which were ministerial in nature (some of which are identified above and others to be identified in discovery).

71. The Deputy Defendants had a duty and obligation to follow and adhere to their training and the rules related to their law enforcement duties, including federal and state law, in their interaction with Martin.

72. In failing to follow or adhere to fixed and certain ministerial rules and obligations governing their law enforcement duties and obligations, including but not necessarily limited to those duties established by the Marion County Sheriff's Department related to seizure, use of force and/or other rules and applicable Kentucky or federal statutes or administrative regulations, or other law, the Deputy Defendants were negligent or grossly negligent and such negligence constitutes negligence *per se* under applicable Kentucky law and statutes.

73. The Deputy Defendants breached their duty or duties of care to Martin which

breaches of duty were a proximate or substantial cause of his death.

## Count V
### Tort of Outrage

74. Each of the above paragraphs and allegations are incorporated herein by reference and made a part of this Count.

75. Defendants' conduct and treatment of Martin as hereinabove alleged was so far beyond the bounds of human decency, and constituted conduct that cannot be tolerated in a civilized society, so as to constitute the tort of outrage and/or the infliction of intentional emotional and/or mental distress, and Martin in fact suffered severe emotional and mental distress as a result thereof.

## Count IV
### Assault and Battery

76. Each of the above paragraphs are incorporated herein by reference and made a part of this Count.

77. By virtue of the foregoing, Defendant Harper committed the common law torts of assault and battery upon Martin.

### VI.   Damages and Prayer for Relief

78. Each of the above paragraphs, allegations and Counts are incorporated herein by reference and made a part of this Count.

79. Plaintiffs allege that the conduct identified and as plead hereinabove was unnecessary and preventable, contrary to law and Plaintiffs are entitled to recover all forms of damages as to each of the above Counts to which they are entitled, for the great physical and mental pain and suffering Martin experienced during his assault and prior to his death; all of his medical expenses incurred and all medical expenses he will reasonably incur in the future; all of his past

lost wages and all lost wages he may be reasonably expected to incur in the future due to the diminution in his power to labor and earn money; compensatory damages for his death; funeral expenses; damages for Martin's loss of enjoyment of life; punitive damages due to the Defendants' cruel, malicious, and reckless conduct which evinced a total disregard for the rights of Martin in order to deter such conduct in the future pursuant to KRS 411.30, 411.140, KRS 411.184 and 411.186 and/or applicable state or federal law, and Plaintiffs are further entitled to recover their reasonable attorney fees and costs/expenses incurred in this litigation pursuant to 42 U.S.C. § 1988 and/or other applicable law.

WHEREFORE, Plaintiffs by counsel demands trial by jury as to all of the allegations and Counts specified herein, that they recover and be awarded all damages sought herein and specified above and/or to which they may otherwise be entitled at law, and further including pre and post judgment interest at the maximum legal rate, their costs, attorney fees, and all other relief to which they are entitled, including the right to amend this Complaint.

Respectfully submitted,

COOPER & FRIEDMAN, PLLC

/s/ HAL D. FRIEDMAN
HAL D. FRIEDMAN
MICHAEL T. COOPER
1448 Gardiner Lane, Ste. 301-303
Louisville, KY 40213
(502) 459-7555
hdf@cooperandfriedman.com
*Counsel for Plaintiffs*